527 A.2d 40

**Robert S. MARTIN, Trustee**

v.

**Michael S. WESTBERG, Esquire, Deceased and Trustees of the Clients' Security Trust Fund of the Bar of Maryland.**

**Misc. No. 24, Sept. Term, 1986.**

Court of Appeals of Maryland.

June 29, 1987.

Robert J. Fuoco, Glen Burnie, for appellant.

Denis P. Casey, Salisbury, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH *, McAULIFFE and ADKINS, JJ.

## ORDER

The Clients' Security Trust Fund of the Bar of Maryland having been created and implemented pursuant to Maryland Code (1981 Repl.Vol.) Art. 10, § 43 and Maryland Rule 1228, for the purpose, as stated in the statute and in the rule, of "reimbursing ... losses caused by defalcations of Members of the Bar of the State of Maryland, acting either as

---

* Couch, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

attorneys or as fiduciaries (except to the extent to which they are bonded);" and

The Petitioner having made claim agains The Clients' Security Trust Fund in the amount of $16,000.00 for funds allegedly misappropriated by Attorney Michael S. Westberg; and

The claim having been denied by the Trustees of the Fund on December 11, 1986 on the ground that "there was no attorney-client relationship", and the Petitioner having filed exceptions to that determination, as authorized by Maryland Rule 1228; and

A hearing having been held by this Court on May 4, 1987 on the Petitioner's exceptions; and

The parties having subsequently agreed that the exceptions would be voluntarily dismissed on condition that the matter be reconsidered, with reasonable promptness, by The Trustees at a hearing to be held pursuant to Rule 16 of the Regulations of The Clients' Security Trust Fund, which became effective on May 12, 1987.

NOW, THEREFORE, IT IS ORDERED this 29th day of June, 1987, by the Court of Appeals of Maryland, that the Petitioner's exceptions are hereby voluntarily dismissed, without prejudice, for further proceedings in conformity with the agreement of the parties.